Hai Hong Constr. Corp. v NAB 2000 Realty, LLC (2022 NY Slip Op 01242)





Hai Hong Constr. Corp. v NAB 2000 Realty, LLC


2022 NY Slip Op 01242


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 160345/18 Appeal No. 15364 Case No. 2021-03897 

[*1]Hai Hong Construction Corp., Plaintiff- Respondent,
v
NAB 2000 Realty, LLC, Defendant-Appellant.


Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 11, 2021, which, to the extent appealed from as limited by the briefs, upon a search of the record, granted summary judgment in favor of plaintiff on its first cause of action for breach of contract and directed defendant to endorse a check issued by its property insurance company to both parties and provide it to plaintiff, unanimously reversed, on the law, without costs, and the order vacated to that extent.
The motion court erred in finding, upon a search of the record, that plaintiff was entitled to summary judgment on its claim to recover the proceeds of a check issued by defendant's insurance company to both parties for plaintiff's emergency rehabilitation work on defendant's fire-damaged building, as the parties' contract does not unambiguously support plaintiff's claim (see generally Castillo v Big Apple Hyundai, 177 AD3d 473 [1st Dept 2019]; Pereira v J.P. Morgan Chase Bank, N.A., 159 AD3d 566, 567 [1st Dept 2018]). Under the contract, plaintiff agreed that it would not seek payment directly from defendant, but only from defendant's insurance proceeds. However, the contract did not entitle plaintiff to bypass defendant and seek payment directly from its insurer or to do so without providing defendant with invoices substantiating the work it claims to have completed. Contrary to the court's finding, there is no evidence that the insurance company inspected the premises and deemed plaintiff's work to be complete before issuing the check. In fact, there is no evidence as to how the insurance company came to issue the check in that amount for plaintiff's services. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022